MAY, Judge:
Appellant was convicted, contrary to his pleas, by general court-martial, officer members, of five specifications of lewd and lascivious acts involving his minor stepdaughter in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge from the naval service, *400 confinement at hard labor for four years, total forfeitures of pay, and reduction to pay grade E-l. Appellant now assigns the following errors:
I
THE MILITARY JUDGE ERRED WHEN, AFTER ADJOURNMENT OF THE COURT-MARTIAL, HE CONDUCTED AN EX PARTE DIALOGUE WITH THE MEMBERS, QUESTIONED THEIR LENIENCY IN SENTENCING THE APPELLANT, INSTRUCTED THEM TO MODIFY THE SENTENCE GIVEN BY THEM, AND THEN RECONVENED THE COURT-MARTIAL FOR THE MEMBERS TO MODIFY THE SENTENCE GIVEN THE APPELLANT.
II
THE MILITARY JUDGE ERRED WHEN HE INSTRUCTED THE MEMBERS TO MODIFY THEIR ANNOUNCED SENTENCE THEREBY INCREASING THE PUNISHMENT OF THE APPELLANT.
The trial record, in pertinent part, contains the following exchange between the trial judge, the president of the court, and counsel:
MJ: The court will come to order. All persons are present who were present when the court recessed including the members.
Mr. President, have the members determined a sentence in this case?
PRESIDENT: Yes, we have.
MJ: May I inspect your sentence worksheet, please?
(The bailiff obtained the document from the president, handed it to the military judge, and then returned it to the president.)
MJ: It appears that your sentence is in proper form.
The accused and counsel please rise and face the president of the court.
(The accused and his counsel stood before the court.)
MJ: Mr. president, will you announce the sentence, please?
PRESIDENT: Sergeant RAINWATER, it is my duty as president of the court to inform you that the court in closed session and upon secret written ballot has decided on the following punishment:
MJ: The percentage, sir, is ...
PRESIDENT: Two-thirds of the vote; that is five members that are agreed upon the following:
One, to be reduced to pay grade E-l;
Two, to be confined for a period of four (4) years;
Three, to forfeit all pay; and
Four, to be discharged from the service with a Bad-Conduct Discharge.
MJ: Alright, sir, fine. You may be seated.
(The accused and his counsel resumed their seats at the defense table.)
MJ: The confinement will be at hard labor, sir, is that correct?
PRESIDENT: It is not at hard labor.
MJ: Alright. Anything else to come before the court?
TC: Not from the government, Your Honor.
DC: No, sir.
MJ: Mr. president and members, thank you very much for your service. If you would, sir, we need to recover all the exhibits and documents that you have in your possession. Bailiff, if you will get those from the president, please, and return those to the court reporter.
(The bailiff complied.)
MJ: Alright, Mr. President and members, thank you very much for your service here. There being nothing further, the court is adjourned.
(The court was adjourned at 1120 hours, 8 November 1983).
According to affidavits submitted to this Court, a subsequent, unrecorded, meeting between the trial judge and court members occurred without the presence of appellant or his counsel. During that meeting some discussion apparently occurred regarding, *401 in particular, the members’ announced sentence of confinement absent the clause “at hard labor.” Following that meeting, the court was called back into session and the following exchange occurred.
(The court was called to order at 1135 hours, 8 November 1983.)
MJ: The court will come to order. All persons are again present, including the members.
Mr. President, it has been brought up with respect to one thing on the sentence worksheet, the omission of the words or the striking through the words in line seven “to be confined at hard labor” the words “at hard labor” were stricken. As I understand this, in reading this, it was the intention of the members to confine the accused in an appropriate correctional facility for the period of time that you have indicated. Is that correct?
PRESIDENT: That is correct.
MJ: Now, the words “at hard labor” are a term of art. Major DAVIS, do you have a particular question that you would like with respect to that omission?
TC: Well, the Manual provides that confinement without hard labor is not an appropriate punishment, and the government would for the record request that the members — with that in mind — have an opportunity to decide whether or not that was, in fact, the sentence to be adjudged.
MJ: A sentence to confinement would normally include the words “at hard labor.” It is a term of art. The words “at hard labor” usually go with confinement. It does not mean necessarily that an accused sentenced to be confined at hard labor will be breaking rocks for the next so-many years. It is just a term of art. Now, was it the intention of the members that the accused be confined for a period of four years in accordance with the normal correctional procedures?
PRESIDENT: That was the intent.
MJ: Alright, so under those circumstances then the words “at hard labor” would then be a part of the sentence, assuming what I said to be correct?
That is an affirmative response from all the members.
DC: Just for the record, Your Honor, I would lodge my objections.
MJ: Thank you very much. Alright, there being nothing further, the court
DC: Excuse me, sir.
MJ: Major SCUDDER?
DC: I believe there is a recommendation on the worksheet.
MJ: There is a recommendation at the bottom, I believe, having to do with the recommendation of the members of the court that the accused undergo appropriate rehabilitation treatment while he is confined. Is that correct?
PRESIDENT: That is correct.
MJ: That will be made known and duly communicated to the convening authority, to the correctional authorities.
Alright, there being nothing further, the court is adjourned.
(the court was adjourned at 1138 hours, 8 November 1983).
We find that the sentence as announced by the court members was a legal and valid sentence without regard to the initial exclusion of the phrase “at hard labor.” Article 58(b), UCMJ, 10 U.S.C. § 858(b); para. 126j, Manual for Courts-Martial, 1969 (Rev.). We are also convinced that the initial announcement of the confinement portion of the sentence merely reflected the members’ desire that the appellant receive appropriate forms of rehabilitation psychiatric therapy during the period of confinement and not that appellant receive a sentence without confinement. We therefore find that appellant was not materially prejudiced by the trial judge’s obvious error in this case.
The lack of material prejudice, however, does not relieve our concern regarding the conduct of the trial judge in this case. The trial judge was obviously on notice, following the initial, in-court announcement of the adjudged sentence, that there was a potential question regarding the members’ sentencing decision. It *402 would seem self-evident that an on-the-record inquiry, in the presence of the accused, his counsel, as well as government counsel, was required. Instead, this trial judge, for some inexplicable reason, chose to embark on a closed meeting with the members, a decision that, at minimum, presents a perception of impropriety. The potential prejudicial impact of such an ex parte meeting on the validity of a naval service court-martial should also have been obvious to this judge. An accused is entitled to a criminal trial untainted by such judicial excesses and reflective of the standards of the naval service as well as the American Bar Association’s Code of Judicial Conduct. Even without the pronouncements of that Code, however, any naval service trial judge should be objectively aware of the responsibilities and demands of his office, an awareness that can never countenance such inappropriate meetings with court members as occurred here.
We will refrain from addressing the related contention by appellant: that the trial judge during this closed door meeting, also apparently expressed the view that the period of confinement adjudged by the members was more lenient than he, the judge, would have awarded.[1] Obviously if the sentence adjudged in this case had been increased in severity following this meeting between judge and members, a rehearing on the sentence would be mandated. As we do not find any prejudice to appellant in this case, we will take no corrective action in this case other than express our clearest admonition against such judicial conduct.
We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.
Chief Judge EOFF concurs.
CASSEL, Judge
(concurring):
I concur in the result.

. It appears from the submitted affidavits that the trial judge was concerned that a longer period of confinement would facilitate more extensive psychiatric treatment for appellant.